UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JESSIE BUTLER JONES,
        Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security Administration,
        Defendant.

CAUSE NO.: 1:17-CV-140-TLS

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [ECF No. 27], filed on October 19, 2019. For the reasons stated below, this Motion is GRANTED.

## BACKGROUND

The Plaintiff filed for Social Security Disability benefits on November 4, 2013, and for Supplemental Security Income benefits on February 19, 2015. *See* Op. and Order, pp. 1–2, ECF No. 19. Her claims for benefits were denied. *Id.* The Plaintiff appealed to an administrative law judge (ALJ), who likewise denied her claims. *Id.*

On April 7, 2017, the Plaintiff initiated an action for judicial review of the denial of her application for benefits [ECF No. 1]. On February 20, 2018, the Court reversed the ALJ's decision and remanded for further proceedings [ECF No. 19].

On April 3, 2018, the Plaintiff and the Defendant entered a Joint Stipulation for EAJA Fees [ECF No. 21]. The parties stipulated that an award of attorney fees in the amount of $3,000.00 would fully satisfy and settle any and all claims for fees, expenses, and costs the Plaintiff may have endured pursuant to the Equal Access to Justice Act (EAJA), 42 U.S.C § 2412. The parties also agreed that any award, less any amount for a pre-existing federal offset,

would be made payable to the Plaintiff's attorney pursuant to the EAJA assignment. On May 17, 2018, the Court granted the Joint Stipulation and awarded $3,000.00 in EAJA fees [ECF No. 22].

On February 26, 2019, the Defendant approved the Plaintiff's request for Social Security Disability benefits and Supplemental Security Income benefits. The Defendant awarded the Plaintiff past-due benefits in the amount of $79,317.00. *See* Notice of Award, p. 2, ECF No. 27-2 (by implication, the amount of disability payments owed to the Plaintiff is $32,169); Notice of Award, p. 2, ECF No. 27-3 ("We owe you back SSI payments of $47,148.00 for January 2014 through April 2019.").

On October 19, 2019, the Plaintiff filed the instant Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [ECF No. 27]. Attorney Redelman requests $19,829.00 in attorney's fees pursuant to her 25% contingency agreement with the Plaintiff. *See* Fee Agreement, p. 1, ECF No. 27-1. Counsel states to the Court that she will not seek additional § 406(a) fees if her petition is approved in full. Pl.'s Resp. Mem., p. 2, ECF No. 27. Attorney Redelman also states that she will refund the EAJA attorney's fees which the Court has previously awarded. *Id.* The Defendant does not object to the award of attorney's fees. *See* Def.'s Resp., ECF No. 28.

## ANALYSIS

Attorney Redelman, subject to refunding $3,000.00 in EAJA Fees, requests $19,829.00 in attorney's fees pursuant to 42 U.S.C § 406(b). For the reasons stated below, this request is GRANTED.

"The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under

§ 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *4 (citing *Gisbrecht v. Barnhardt*, 535 U.S. 789, 807 (2002)). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 807. Likewise, "an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

In this case, the requested amount in attorney's fees is consistent with the Plaintiff's and Attorney Redelman's contingency agreement. Fee Agreement, p. 1, ECF No. 27-1. Furthermore, this contingency agreement—which allows for Attorney Redelman to recover 25% of past-due benefits—comports with the requirements of 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807. The Court notes that the contingency agreement was executed before the Supreme Court's decision in *Culbertson* held that the 25% statutory cap in § 406(b) for court representation does not apply to the aggregate fees awarded under § 406(a) and § 406(b). *See Culbertson*, 139 S. Ct. 523. Counsel for the Plaintiff has represented to the Court that she will not seek fees under § 406(a), if the instant motion for § 406(b) fees is approved in full.

Additionally, the amount requested is reasonable. Counsel wrote a well-reasoned brief [ECF No. 14] and reply brief [ECF No. 18] which resulted in reversal of the ALJ. Likewise, Counsel expended 53.3 hours on this case, which results in an effective hourly rate of $372.03. Time Record, p. 5, ECF No. 23-2; Time Record, p. 1, ECF No. 23-3. Such an hourly rate is certainly reasonable given the contingent nature of this case, *see Martinez v. Astrue*, 630 F.3d

3

693, 695 (7th Cir. 2011), and the results achieved for her client. Likewise, such an effective hourly rate is lower than fees which have been approved in similar cases. *See, e.g.*, *Hoover*, 2019 WL 3283047, at *4 (effective hourly rate of $800); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-134, 2016 WL 2653360, at *4 (N.D. Ind. May 10, 2016) (effective hourly rate of $810); *Bianco v. Colvin*, No. 3:14-CV-98, 2016 WL 1295926, at *3 (N.D. Ind. April 4, 2016) (effective hourly rate of $825). Accordingly, the Court grants the request for attorney's fees.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [ECF No. 27]. The Court AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $19,829.00. The Court ORDERS the Plaintiff's attorney to refund the $3,000 in EAJA fees previously awarded in this case.

SO ORDERED on November 26, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT